IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN D. TIESING,

        Plaintiff,                  No. CIV S-07-0115 GEB EFB PS

     vs.

357 CUSTOMS INC.,

        Defendants.         <u>ORDER</u>

_____/

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        On May 21, 2007, the court ordered plaintiff to show cause why this action should not be dismissed for failure to prosecute. At that time, no status reports had been filed, nor had plaintiff filed a proof of service showing defendant had been served. Plaintiff timely responded to the order to show cause, and filed therewith a document purporting to show proof of service on defendant.

        On July 30, 2007, plaintiff filed a request for entry of default against defendant. The Clerk declined to enter default against defendant, but informed her that she could file an appropriate motion with the undersigned in the event she disagreed with the Clerk's action.

////

1

Plaintiff then filed another request for entry of default on October 3, 2007, which the court now addresses.

Where the fact of default is established by "affidavit or otherwise," the court clerk is required to enter the defendant's default. Fed. R. Civ. P. 55(a). When requesting entry of default under Rule 55(a), the plaintiff must provide the clerk with the required proof of default. *See* Schwarzer, Tashima, & Wagstaffe, *Federal Civil Procedure Before Trial*, §§ 6:5-6:7 (2007). To prove default, plaintiff must show that service was effected on the defendant and that the defendant failed to respond within the time specified by the Federal Rules of Civil Procedure. *Id*., at §§ 6:36-6:38.

Here, the proof provided by the plaintiff is insufficient to establish that service was effected on defendant. The defendant named herein is "357 Customs, Inc.," whose address is listed on the proof of service as "2305 Falkner Rd., Orlando, FL 32801." The proof of service provides that a copy of the summons and the complaint were served by substituted service on March 31, 2007, "at the address of 5236 Albert Dr., Winter Park, FL 32792 . . . by leaving a copy with Dolores Baugess [*sic*] co-resident 15 years of age or older and informing said person of the contents." The proof of service further provides that "RA is no longer on record as of 10/9/06 Verified with Division of Corporations." The court presumes that this notation means the Florida Division of Corporations no longer lists a registered agent for the defendant corporation.

However, it is unclear to the court how service on Dolores Bauguess at the listed address qualifies as sufficient service under applicable federal and state laws. Federal Rule of Civil Procedure 4(e)(i) provides that service upon an individual may be effected pursuant to the law of the state in which service is effected. Fed. R. Civ. 4(e)(i). Here, plaintiff attempted to effect service of process in Florida. Florida law provides that process against a corporation may be served on the president or vice president, or other head of the corporation, or in the absence thereof, on various officers and directors specified in the statute. Fla. Stat. § 48.081(1). That

statute further provides that, as an alternative, process may be served on the registered agent of the corporation, but if such service cannot be made due to the corporation's failure to comply with the statutory provisions requiring designation of a registered agent, service is permitted on any employee at the corporation's principal place of business or any employee of the registered agent. Fla. Stat. § 48.081(3)(a). Finally, if the address provided for the registered agent, officer or director, or principal place of business is a residence, service on the corporation may be made by serving the agent, officer, or director in accordance with § 48.031. Fla. Stat. § 48.081(3)(b). Section 48.031(1)(a) provides for substituted service by leaving a copy of the summons and complaint with any person residing therein who is 15 years of age or older and informing the person of their contents. Fla. Stat. § 48.031(1)(a).

Plaintiff has attached to the proof of service a letter from an individual to the process servers, stating:

> It is believed that DeCubellis, Meeks, & Uncapher are no longer agents for service [on 357 Customs, Inc.]. If that is so, proceed to the residence of Dolores Bauguess at 5236 Albert Drive, Winter Park, Florida 32792. Here, the president and CEO of the 357 Customs, Inc., is believed to be living. You may then substitute service (for the corporation) upon Daniel Bauguess.

Exhibit to Proof of Service, (Doc. no. 10-2).

This unverified letter seems to imply that Daniel Bauguess is the president and C.E.O. of the defendant corporation. The proof of service states that substituted service on an apparent relative, Dolores Bauguess, was made pursuant to "F.S. 48.0981(b) and 48.031(1)(a)."

Based on the foregoing, it appears that plaintiff attempted to serve an officer of the corporation at his residence because the corporation failed to comply with Florida laws requiring designation of a registered agent for service of process. Plaintiff does not state whether or not service was attempted at the corporation's principal place of business. In any event, the documents provided by plaintiff do not clearly establish that service was properly effected. Because proof is required for entry of default against a defendant, plaintiff, if she wishes to pursue a default judgment, must submit additional, verified evidence to satisfy the court that

1 entry of default against defendant under Fed. R. Civ. P. 55(a) is appropriate.  For example,
2 plaintiff must establish by sworn affidavit or otherwise the identity of the officer of the defendant
3 corporation, the officer's address of residence, that defendant has no registered agent for service
4 of process as required by Florida law, and that service was properly effected upon the defendant.
5 Plaintiff is further advised that upon establishment of those facts, the burden rests with her to
6 move for entry of default judgment pursuant to Fed. R. Civ. P. 55(b).
7    In accordance with the foregoing, plaintiff's request for entry of default is denied without
8 prejudice.
9    SO ORDERED.
10 DATED:  November 15, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4