IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN D. TIESING,

        Plaintiff,                      No. CIV S-07-0115 GEB EFB PS

    vs.

357 CUSTOMS INC.,

        Defendants.           <u>ORDER</u>

_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

       The Clerk has previously declined to enter default against defendant pursuant to Fed. R. Civ. P. 55(a), given plaintiff's failure to establish service of process. On October 3, 2007, plaintiff directed her request for entry of default to the court rather than the Clerk. By order dated November 16, 2007, the court declined to order entry of default pursuant to Fed. R. Civ. P. 55(a), explaining that plaintiff had again failed to establish that service of process had been effected on defendant.

       On January 22, 2008, plaintiff submitted an amended proof of service and a request for entry of default. The Clerk again declined to enter default, and plaintiff filed a motion for default on April 1, 2008. The court has reviewed plaintiff's most recent filings and finds that

1

plaintiff has now established that service of process was properly effected on defendant.

Where the fact of default is established by "affidavit or otherwise," the court clerk is required to enter the defendant's default. Fed. R. Civ. P. 55(a). When requesting entry of default under Rule 55(a), the plaintiff must provide the clerk with the required proof of default. *See* William W. Schwarzer, et al., *Federal Civil Procedure Before Trial*, §§ 6:5-6:7 (2007). To prove default, plaintiff must show that service was effected on the defendant and that the defendant failed to respond within the time specified by the Federal Rules of Civil Procedure. *Id*., at §§ 6:36-6:38.

Plaintiff has submitted evidence showing that service of process was effected. Fed. R. Civ. P. 4(e)(i) (providing that service upon an individual may be effected pursuant to the law of the state in which service is effected). Here, plaintiff effected service of process in Florida. Florida law provides that process against a corporation may be served on the president or vice president, or other head of the corporation, or in the absence thereof, on various officers and directors specified in the statute. Fla. Stat. § 48.081(1). That statute further provides that, as an alternative, process may be served on the registered agent of the corporation, but if such service cannot be made due to the corporation's failure to comply with the statutory provisions requiring designation of a registered agent, service is permitted on any employee at the corporation's principal place of business or any employee of the registered agent. Fla. Stat. § 48.081(3)(a). Finally, if the address provided for the registered agent, officer or director, or principal place of business is a residence, service on the corporation may be made by serving the agent, officer, or director in accordance with § 48.031. Fla. Stat. § 48.081(3)(b). Section 48.031(1)(a) provides for substituted service by leaving a copy of the summons and complaint with any person residing therein who is 15 years of age or older and informing the person of their contents. Fla. Stat. § 48.031(1)(a).

Here, plaintiff has provided evidence that Daniel Bauguess is an officer of the defendant corporation. She has also established that defendant corporation failed to comply with the

1  statutory provisions requiring designation of a registered agent.  Plaintiff has shown that the
2  process servers attempted to contact the corporation at its recorded principal place of business,
3  but that the telephone numbers had been disconnected.  Through investigation, plaintiff
4  identified the residential address of Daniel Bauguess, and effected substituted service on Dolores
5  Bauguess, a co-resident over 15 years of age, and believed to be Daniel Bauguess's wife.  This
6  establishes service of process in compliance with state law.

7      Plaintiff's April 1, 2008, motion for entry of default is therefore granted.  The Clerk is
8  directed to enter default against defendant pursuant to Fed. R. Civ. P. 55(a).  Plaintiff may move
9  for entry of default judgment pursuant to Fed. R. Civ. P. 55(b).  If she chooses to do so, she shall
10 submit with that motion briefing on the appropriateness of default judgment pursuant to the
11 factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (describing factors
12 to be considered by courts in exercising discretion as to the entry of a default judgment).

13      SO ORDERED.
14 DATED:  May 5, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3