IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN D. TIESING,

      Plaintiff,                        No. CIV S-07-0115 GEB EFB PS

      vs.

357 CUSTOMS INC.,

      Defendant.                     <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      This case, in which plaintiff is appearing *in propria persona*, was referred to the undersigned pursuant to Local Rule 78-230(c)(21). *See* 28 U.S.C. § 636(b). It was before the court on June 25, 2008, for hearing on plaintiff's motion for default judgment. Plaintiff appeared at the hearing on her own behalf, and defendant failed to appear. For the reasons that follow, the court recommends that plaintiff's application for entry of default judgment be denied.

**I. BACKGROUND**

      Plaintiff initiated this action on January 18, 2007, alleging claims against defendant 357 Customs, Inc. Although plaintiff timely served defendant, *see* Fed. R. Civ. P. 4(m), it took several attempts to establish that service of process had been effected for purposes of obtaining an entry of default under Fed. R. Civ. P. 55(a). Default was eventually entered against defendant

////

on May 5, 2008, and plaintiff subsequently moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b).

**II. DISCUSSION**

It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

After reviewing the submitted documents, the court has determined that the application should be denied because the complaint that was served on defendant does not allege facts sufficient to establish jurisdiction.

It is the plaintiff's burden to establish the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added).

Here, plaintiff attempts to base jurisdiction on the diversity of the parties. However, she has alleged only that she "resid[es]" in California and that 357 Customs, Inc. is a corporation organized and in good standing under the laws of the State of Florida. Plaintiff must allege that she is a citizen of California. 28 U.S.C. § 1332(a)(1); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. Cal. 2001) (allegations regarding residency are insufficient to establish

citizenship, and are therefore fatal to assertion of diversity jurisdiction). Further, while she alleged that 357 Customs, Inc. was incorporated in Florida, she did not allege facts regarding its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Indiana Hi-Rail Corp. v. Decatur Junction Ry.*, 37 F.3d 363, 366 (7th Cir. 1994) (failure to allege both state of incorporation and principal place of business insufficient). Accordingly, the complaint served on defendant fails to establish diversity jurisdiction, and as such, cannot serve as the basis for default judgment.

The court notes that after filing the application for entry of default judgment, plaintiff filed an amended complaint on May 20, 2008. In it, she names three additional defendants: Daniel J. Bauguess, Bridgett Bauguess and Dolores Bauguess. She also appears to correct the jurisdictional defects discussed above. However, the court cannot recommend entry of default judgment based on the amended complaint.

Plaintiff has not established that the new defendants have been served with the amended complaint or that they are in default. Further, while plaintiff has established that 357 Customs, Inc. is in default, she has not shown that it is in default with respect to the amended complaint. Following the June 25, 2008, hearing, plaintiff filed a proof of service showing that defendant 357 Customs, Inc. was served with notice of her application for default judgment on June 19, 2008. She also filed proof that newly named defendant, Daniel Bauguess (officer and agent of 357 Customs, Inc.), was served with the amended complaint on June 19, 2008. Even assuming service of the amended complaint was properly effected on 357 Customs, Inc., its time for answering had not yet expired at the time of the hearing. *See* Fed. R. Civ. P. 12(a). Plaintiff must move for entry of default with respect to the amended complaint, and if default is entered, she may again move for entry of default judgment.

Plaintiff must also read, and abide by, the Federal Rules of Civil Procedure and this court's local rules. Although the court recognizes that plaintiff is proceeding without an attorney, it is not the role of the court to act as her advisor. Failure to follow all applicable rules

and orders may result in sanctions, including a recommendation of dismissal. *See* Local Rule 11-110.

### III. CONCLUSION

In accordance with the foregoing, IT IS RECOMMENDED that plaintiff's application for entry of default judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 9, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE