IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN D. TIESING,

      Plaintiff,                              No. CIV S-07-0115 GEB EFB PS

    vs.

357 CUSTOMS INC., et al.,

      Defendants.                   ORDER

                             /

       On December 30, 2008, the court ordered plaintiff to show cause, in writing, within twenty days, why sanctions should not be imposed due to plaintiff's failure to comply with the court's November 3, 2008, order regarding the status of service of process on the defendants.[1] Plaintiff has timely responded and demonstrated good cause for continuation of this case without the imposition of sanctions. Accordingly, the order to show cause will be discharged.

       Plaintiff requests voluntary dismissal, without prejudice, of named defendants 357 Customs, Inc. and Bridgett Bauguess, pursuant to Fed. R. Civ. P. 41(a)(1). Dckt. No. 31.

////

////

---

[1] This case proceeds before the undersigned pursuant to E. D. Cal. L. R. 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

Because no responsive pleading has been filed by these defendants, the voluntary dismissal is effective upon filing. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) ("plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). Accordingly, the dismissal of these defendants is noted.

Plaintiff further seeks entry of default[2] against defendants Daniel J. Bauguess and Dolores Bauguess. Plaintiff references her certificates of service demonstrating service of process, pursuant to Florida Statute § 48.031(1),[3] upon defendant Daniel J. Bauguess on June 19, 2008, Dckt. Nos. 30 and 23, and upon defendant Dolores Bauguess on June 12, 2008, Dckt. No. 29.

The amended complaint premises this court's subject matter jurisdiction on diversity of citizenship (plaintiff is a citizen of California, Daniel Bauguess and Dolores Bauguess are citizens of Florida), with the matter in controversy exceeding the minimum amount. *See* 28 U.S.C. § 1332. Pursuant to Fed. R. Civ. P. 4 (e)(2), process may be served, *inter alia*, by delivering a copy of the summons and complaint personally upon the defendant. Fed. R. Civ. P. 4(e)(1) provides, alternatively, that process may be completed by following the law of the state "where the district court is located or where service is made. Both certificates of service provide that service was made personally upon Daniel J. Bauguess and Dolores Bauguess, respectively, which satisfies both Florida and California law. *See* Fl. Stat. § 48.031(1)(a), and Cal. Civ. Proc.

////

////

---

[2] Although entitled "Requests for Entry of Default Judgment," plaintiff's moving papers were properly designated by the Clerk of Court as "Requests for Entry of Default." Dckt. No. 29, 30. Plaintiff must move for default judgment after entry of default. Fed. R. Civ. P. 55(b).

[3] Fl. Stat. § 48.031(1) provides in pertinent part that "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper . . . ." *Id.*, § 48.031(1)(a).

1  Code § 416.90.[4]  Neither defendant has responded to the complaint, and the twenty-day period
2  for doing so is long past.

3    Where the fact of default is established by "affidavit or otherwise," the court clerk is
4  required to enter the defendant's default. Fed. R. Civ. P. 55(a).  *See also,* Schwarzer, Tashima,
5  & Wagstaffe, *Federal Civil Procedure Before Trial*, §§ 6:5-6:7 (2007).  Plaintiff must establish
6  that service was effected on the defendant, who failed to respond within the time specified by the
7  Federal Rules of Civil Procedure.  *Id.*, at §§ 6:36-6:38.  Plaintiff's certificates of service establish
8  that service of process of the amended complaint and amended summons was properly made
9  upon defendants Daniel J. Bauguess and Dolores Bauguess.

10    Accordingly, IT IS HEREBY ORDERED that:

11    1.  This court's December 30, 2008 order to show cause, Dckt. No. 27, is discharged.

12    2.  Plaintiff's request to dismiss, without prejudice, defendants 357 Customs, Inc., and
13  Bridgett Bauguess, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Dckt. No. 31, is granted.

14    3. Plaintiff's requests for entry of default as to defendants Daniel J. Bauguess and
15  Dolores Bauguess, pursuant to Fed. R. Civ. P. 55(a), Dckt. Nos. 29 and 30, are granted.

16    4. The Clerk of Court shall enter the default of defendants Daniel J. Bauguess and
17  Dolores Bauguess, pursuant to Fed. R. Civ. P. 55(a).

18    5.  Any motion for entry of default judgment shall be filed within 30 days and in
19  accordance with the Local Rules.

20    IT IS SO ORDERED.
21  DATED:  February 2, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

25  [4] Cal. Civ. Proc. § 416.90 provides in pertinent part that process may be made upon an individual "by delivering a copy of the summons and of the complaint to such person. . ."

3