IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN D. TIESING,

      Plaintiff,                      No. CIV S-07-0115 GEB EFB PS

      vs.

357 CUSTOMS INC., et al.,

      Defendants.                FINDINGS & RECOMMENDATIONS

                              /

      On April 1, 2009, this court heard plaintiff's motion for default judgment against the remaining defendants, Daniel J. Bauguess and Dolores Bauguess.[1] Plaintiff, who proceeds in this action *pro se*, appeared and represented herself; no appearance was made by either defendant. After the hearing, and at the direction of the court, plaintiff filed a copy of the contract upon which this action is based. *See* Dckt. No. 36. For the following reasons and upon the following terms, the court recommends that plaintiff's motion be granted.

////

////

---

[1] This motion is referred to the undersigned pursuant to Local Rule 72-302(c)(19) and 28 U.S.C. § 636(b)(1).

1

JURISDICTION

Jurisdiction is appropriate under 28 U.S.C. § 1332 (a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States"). Plaintiff is a citizen of California, defendants are citizens of Florida. The amount in controversy is $80,000.

BACKGROUND

Plaintiff's amended complaint filed May 20, 2008, Dckt. No. 20, states claims for breach of contract, fraud and misrepresentation. Pursuant to the underlying contract, a one-page "Promisory [sic] Note," executed January 20, 2006, plaintiff made a loan to defendant, "recipient/guarantor" Daniel Bauguess, "personally and as principle [sic] shareholder in the company known as 357 Customs Inc.," for $40,000, in exchange for defendant promising to pay plaintiff a total of $80,000 on or before February 24, 2006. In other words, plaintiff sought to double her money within approximately one month. The contract further provides that it shall be "in full force and effect without any court order," and that the guarantor will pay reasonable attorney fees and costs if enforcement becomes necessary.

At the hearing, plaintiff explained that the loan was intended as a business investment dedicated to die casting motorcycles for celebrities. The contract was executed by faxes exchanged between plaintiff (while in California) and defendant Daniel Bauguess (while in Tennessee); former defendant Bridgett Bauguess signed as witness. The time for repayment passed and no payments were received. Plaintiff filed this action on January 18, 2007, within the four-year statute of limitations of California Code of Civil Procedure section 337.

Plaintiff seeks damages in the amount of $80,000, plus 10% prejudgment interest, 10% postjudgment interest, and $3750 costs (itemized as court costs $750, document preparation $1500, and investigation for service of process $1500).

////

////

DISCUSSION

On February 3, 2009, this court found that service of process of the amended complaint and amended summons had been properly made upon defendants Daniel J. Bauguess and Dolores Bauguess, and that neither defendant had responded to the complaint. Accordingly, the court directed the Clerk of Court to enter the default of these defendants pursuant to Fed. R. Civ. P. 55(a).   *See* Dckt. Nos. 32 and 33.

Entry of default effects defendants' admission of the factual allegations of the amended complaint, except those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation –other than one relating to the amount of damages– is admitted if a responsive pleading is required and the allegation is not denied"); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). The court therefore finds that the allegations of plaintiff's amended complaint state claims for which relief can be granted. *Anderson v. Air West*, 542 F.2d 1090, 1093 (9th Cir. 1976).

It remains within the sound discretion of the court whether to grant default judgment pursuant to Fed. R. Civ. P. 55(b). *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court must consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Application of the *Eitel* factors supports entry of default judgment against Daniel Bauguess only, the "guarantor" of the subject contract. The amended complaint does not support judgment against Dolores Bauguess, who is named therein only generally as a participant in the underlying business enterprise ("357 Customs, Inc."), which is no longer a defendant in this action. *See* Am. Compl., at ¶ 9 ("defendant[] . . . Dolores Bauguess. . . may have been a

principal, owner, agent, employee [etc.] . . . .of each of the remaining defendants"). Moreover, the amended complaint states that Daniel Bauguess is acting on behalf of, *inter alia*, Dolores Bauguess. *Id.*, at ¶¶ 10. Neither the amended complaint nor the subject contract demonstrate any personal involvement by, or any personal responsibility on behalf of, Dolores Bauguess. Accordingly, the court will recommend against default judgment being entered against Dolores Bauguess, and will recommend that this action be dismissed against her, Fed. R. Civ. P. 12(b)(6) (failure to state a claim).

In contrast, application of the *Eitel* factors supports the entry of default judgment against defendant Daniel Bauguess. Plaintiff would be prejudiced if judgment is not granted; she is entitled to judicial resolution of her claims. Plaintiff has demonstrated the merit of her substantive claims against Daniel Bauguess based on the unopposed factual allegations of her amended complaint, which is supported by the underlying contract. There is no reasonable possibility of a dispute concerning material facts because defendant has declined the opportunity to answer the amended complaint. Nor is there any indication that defendant's default was due to excusable neglect. Rather, plaintiff stated at the hearing that she has had continuing conversations with defendant, who states he still intends to comply with the terms of the contract.        The fourth *Eitel* factor, "the sum of money at stake in the action," warrants further assessment. Article XV, Section 1, of the California Constitution establishes a ten percent (10%) per annum maximum legal rate of interest to which private parties may contract; interest rates in excess of this are void as against public policy. *See*, *e.g*., 13A Cal. Jur. 3d Consumer, § 634 (rate limitations). Hence, plaintiff may recover the amount she loaned under the contract, *see*, *e.g.*, *Carter v. Seaboard Finance Co.* (1949), 33 Cal.2d 564, 574, 588, as well as 10% per annum prejudgment interest since defendants' breach (February 24, 2006), *see* Cal. Civ. Code § 3289 (legal rate of interest remains chargeable after breach of contract),[2] and 10% post-

---

[2] *Accord Epstein v. Frank*, 125 Cal.App.3d 111, 123 (2d Dist. 1981) ("[T]he payee of a note with a usurious interest provision would be entitled to damages in the nature of interest at

4

judgment interest upon the adoption of this order by the district judge, *see* Cal. Civ. Proc. Code § 685.010 (authorizing postjudgment interest of 10% interest per annum).[3]

The last *Eitel* factor, public policy favoring decisions on the merits, is the only factor weighing against plaintiff's motion. However, where, as here, a decision on the merits is "impractical, if not impossible," this policy does not preclude entry of default judgment. *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted).

Therefore, on balance, application of the *Eitel* factors weighs significantly in favor of granting plaintiff's motion for default judgment.

CONCLUSION

In accordance with the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' motion for default judgment be granted as to defendant Daniel Bauguess, and denied as to defendant Dolores Bauguess;

2. This action be dismissed as to defendant Dolores Bauguess;

3. Plaintiff be awarded damages in the amount of $40,000 principal, with pre- and post-judgment interest at the rate of 10% per annum;

4. Plaintiff be awarded costs in the amount of $3750; and

5. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written

---

the legal rate for that period of time which the obligor on the note withheld the principal beyond the date of maturity. [¶] . . . The payee, notwithstanding the usury, has the right to recover the principal of the note in full on the date of its maturity. If the obligor improperly withholds payment of this obligation it is neither unjust nor contrary to policy that he be chargeable with interest at the legal rate from the date he was obligated to pay the note until the date he discharges that obligation, or to the date a judgment is rendered against him.")

[3] The result is the same were this court to find the subject contract unconscionable and enforce a judicially reformed contract, *see, e.g., Carboni v. Arrospide*, 2 Cal.App.4th 76 (1st Dist. 1991), and Cal. Civ. Code § 1670.5

5

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 9, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE